276 So.2d 383 (1973)
TEXACO, INC., Plaintiff-Appellee,
v.
STATE HOT MIX CORPORATION et al., Defendants-Appellants.
No. 12066.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1973.
Rehearing Denied, May 1, 1973.
Writ Refused June 21, 1973.
*384 Campbell, Campbell, Marvin & Johnson, by John T. Campbell, Minden, for appellants.
Paul A. Newell, Haynesville, for appellee.
Before BOLIN, HEARD, and HALL, JJ.
Rehearing En Banc Denied, May 1, 1973.
HEARD, Judge.
Texaco, Inc., filed this contract action against State Hot Mix Corporation, L. T. Brown, and James M. Holleman for $15,113.04 allegedly due to Texaco resulting from credit card purchases made by the corporation during 1968 and 1969. Brown executed a guaranty in favor of Texaco's predecessor, The Texas Company, on September 22, 1960, while he held the controlling interest in State Hot Mix. Holleman later signed a guaranty on May 23, 1969, after he bought Brown's interest in 1967. The suit was tried against Brown only and judgment rendered in favor of Texaco against him as prayed for. Brown perfected this appeal.
On appeal Brown contends (1) the notice sent to all creditors by him was adequate to relieve him of any liability under the guaranty. In the alternative, he contends (2) the guaranty was never intended to cover anything other than purchases made directly from Texaco and that its application to purchases made by State Hot Mix from an independent source is clearly erroneous; (3) the handling charge of 1 ½% Per month is an unlawful and usurious charge; and (4) the payments made by the corporation should be imputed to that portion of the account arising from purchases made directly from Texaco and when so applied discharges the guarantor of any liability.
Brown's Guaranty of Account with The Texas Company states:
"This guaranty shall continue to apply * * * until the same is revoked as herein provided by the undersigned, said revocation to be effective upon receipt by you of notice in writing to that effect, signed by the undersigned and delivered at the office of The Texas Company at New Orleans, Louisiana."
*385 While there was some testimony by Brown that notices were sent to all of the corporation's creditors informing them of the sale of his interest to Holleman, there were no copies of the notice entered as evidence nor is it definite that Texaco received such notice. Even if received, such a general notice of the sale of stock did not constitute a revocation of the guaranty agreement, as it was not in sufficient compliance with the terms of the agreement. The trial court correctly found the guaranty to be still in effect.
The central issue remaining is whether or not the guaranty agreement covers purchases made by the corporation from parties other than Texaco or its dealers. State Hot Mix purchased tires in the amount of $23,639.87 from Moore's Tire Company, an independent dealer in Shreveport, during 1968 by means of its Texaco credit card. The major part of the account sued upon arose out of these purchases. The sales were reflected upon Texaco deferred payment plan invoices signed by Holleman on behalf of the corporation. Because of the large amounts involved at the time of each purchase, Moore's Tire Company called Texaco and obtained authorization to make the credit sales. Texaco then purchased the invoices from Moore, and under Texaco's agreement with Moore, could not go back against Moore in the event State Hot Mix failed to pay. Under this deferred payment plan, Texaco then billed State Hot Mix 1/12 of the total invoice each month.
Defendant relies upon the following language in the guaranty to support his position:
"This agreement shall continue to apply to all sales and advances made by you [The Texas Company] to the debtor [State Hot Mix], and to all such present and future indebtedness, howsoever arising, until the same is revoked as herein provided...."
Defendant correctly states that contracts of guaranty are strictly construed and he cannot be held liable for anything beyond its strict terms. We do not, however, find this agreement as limited as Brown's interpretation. In addition to the above quoted language, the guaranty provided for value received, and in consideration of the credit which The Texas Company [Texaco] may hereafter extend, L. T. Brown guaranteed payment of any and all present or future indebtedness owed to Texaco by State Hot Mix and agreed to pay such indebtedness if it defaulted.
The language of "any and all present or future indebtedness" and "all such present and future indebtedness, however arising", does not limit its application to sales and advances made by Texaco but are catchall phrases for transactions in addition to such sales.
The evidence is also sufficient to show that Moore's sales to the corporation were covered by other terms of the guaranty agreement. These sales were made subject to Texaco's approval which must be taken as extensions of credit or an advance made by it to State Hot Mix. But for the credit backing of Texaco, the corporation would not have been able to make such large purchases from Moore. Such a transaction is clearly contemplated by the guaranty agreement. Because we find the guaranty applicable to transactions between the corporation and independent dealers, defendant's claim of improper imputation of payments is without merit.
Texaco concedes the judgment should not have included handling charges, and with that we concur. The judgment is therefore reduced by the amount of $1,116.79.
The judgment of the trial court is hereby amended by reducing the amount of the judgment in favor of plaintiff and against defendant from the sum of $15,113.04 to $13,996.25, together with legal interest thereon from date of judicial demand until paid, and as amended, affirmed at appellant's cost.