STOULIG, Judge.
Plaintiff, L. D. Brinkman & Co., filed suit against the defendants, Binks Carpet Sales, Inc., and Binks A. Graval, for $15,437.54 past due on an open account. The liability of the corporation (now insolvent) for the debt is admitted. What is at issue is the personal liability of Graval.
Plaintiff bases its claim of individual liability on a personal guaranty executed by Graval in 1969 when it first extended credit to Binks Carpet Sales, an individual proprietorship. In July 1971, Graval discontinued this form of business operation and converted to a corporate entity, known as Binks Carpet Sales, Inc. It was stipulated that all the merchandise for which payment is claimed was delivered after Graval began operating his business as a corporation. The trial court, noting in its reasons for judgment a contract of personal guaranty must be strictly construed and cannot be expanded beyond its terms,[1] refused to render a judgment against Graval individually because the “ * * * guaranty given by Binks Graval was given as to the obligations of the proprietorship and not those of the corporation.”
We affirm. Graval personally guaranteed the debts of Binks Carpet Sales in a document executed October 27, 1969.[2] When the business was incorporated in July, 1971, Graval claims all his creditors were notified by letter of the change of entity. Plaintiff’s representative denied receiving the letter but admits he learned of the corporate status in late 1972 or early 1973. The trial judge resolved this conflicting factual situation against the plaintiff and concluded that it knowingly extended credit to the corporation before the merchandise was delivered. This finding is supported by the admission of Wayne Harris, plaintiff’s representative, that an attempt was made to obtain a personal guaranty from Graval on the corporate debts “late in ’72 or early in ’73.”
Absent a finding of manifest error in the conclusion the plaintiff knowingly extended credit to Binks Carpet Sales, Inc., as a corporation, there is no basis for reversing the judgment.
For the reasons assigned, the judgment appealed from is affirmed; all costs to be borne by appellant.

Affirmed.

. Texaco, Inc. v. State Hot Mix Corporation, 276 So.2d 383 (La.App.2d Cir.1973).

. The continuing guaranty agreement does not contain a provision that would extend the guarantor’s liability to the successor or assigns of Binks Carpet Sales.