349 So.2d 894 (1977)
CUDAHY FOODS COMPANY
v.
RICH PLAN OF BATON ROUGE, INC., et al.
No. 11363.
Court of Appeal of Louisiana, First Circuit.
June 13, 1977.
Rehearing Denied August 24, 1977.
Writ Refused November 4, 1977.
*895 William S. Mannear and W. Frank Gladney, Baton Rouge, of counsel for plaintiff-appellant Cudahy Foods Co.
James R. Coxe, III, Baton Rouge, of counsel for defendant-appellee Rich Plan of Baton Rouge, Inc., et al.
Before ELLIS, CHIASSON and PONDER, JJ.
CHIASSON, Judge.
This is an appeal of a judgment in favor of Thomas Earl Denson and Evelyn Denson, defendants-appellees, and against Cudahy Foods Company, plaintiff-appellant, dismissing the plaintiff's suit.
The Densons owned and operated a corporation, Rich Plan of Baton Rouge, Inc., from 1966 until its sale in 1972. On August 1, 1966, they entered into an agreement with the plaintiff whereby they agreed to guarantee purchases made by the corporation. This "Guaranty for a Running Account" was required by the plaintiff as a prerequisite for the granting of credit. Under the terms of the agreement this guaranty was to continue in effect until the plaintiff received written notice of revocation delivered by registered or certified mail.
In July, 1972, the Densons sold all of their stock in Rich Plan to Forrest Dean, a former employee. At about the time of the sale, the Densons informed Earl Baudin, a salesman and the representative of the plaintiff with whom they dealt, that they were selling the business to Forrest Dean. Thereafter, they informed the representative that they were not responsible for the debts of Rich Plan. Written notice of revocation of the guaranty was not given to the plaintiff.
Forrest Dean operated Rich Plan for another two years. Between July 9, 1974, and July 23, 1974, inclusive, the plaintiff delivered approximately $4,600 worth of supplies to Rich Plan for which it was not paid.
The plaintiff then brought an action against Rich Plan and the Densons to recover the amount due. A default judgment in favor of the plaintiff and against Rich Plan on the open account was rendered and is now final. At issue in this appeal is the liability of the Densons as a result of the guaranty agreement. The trial court held that equitable estoppel barred recovery from the guarantors.
The doctrine of equitable estoppel is designed to prevent a miscarriage of justice *896 by preventing one from taking a position contrary to his prior acts, admissions, representations or silences when another has changed his position in detrimental reliance thereon. It is to be used cautiously because it bars the normal assertion of rights otherwise present. There must be reliance that is justified. American Bank & Trust Co. v. Trinity Universal Ins. Co., 251 La. 445, 205 So.2d 35 (1967).
We are unable to find that the Densons have changed their position in justified reliance on any act, representation or silence on plaintiff's part.
Admittedly, the Densons had entirely forgotten that there was a guaranty. Whatever statements were made to plaintiff's representative were made well after the sale to Dean. There is no evidence of any other change of position.
Instead, we find this case to be remarkably similar to the case of Texaco, Inc. v. State Hot Mix Corporation, 276 So.2d 383 (La.App. 2nd Cir. 1973). See also Magnolia Petroleum Co. v. Harley, 13 So.2d 84 (La. App. 2nd Cir. 1943); and Bonura v. Christiana Bros. Poultry Co. of Gretna, 336 So.2d 881 (La.App. 4th Cir. 1976) writ refused 339 So.2d 11 (La.1976).
By supplemental petition filed in the District Court plaintiff also seeks to recover costs and expenses, including a reasonable sum for attorney's fees in accordance with the provisions of the guaranty signed by the Densons.
The principal obligation did not stipulate attorney's fees and under Civil Code Article 3037 the suretyship can not exceed what may be due by the debtor, nor be contracted under more onerous conditions. Bonura v. Christiana Bros. Poultry Co. of Gretna, supra.
For these reasons the judgment of the Trial Court is reversed and there is now judgment herein in favor of the plaintiff, Cudahy Foods Co., and against defendants, Earl and Evelyn Denson, in the sum of $4,599.42 together with legal interest from July 30, 1974 and all costs.
REVERSED AND RENDERED.