KLEES, Judge.
This matter involves a dispute over the amount due on defendant, Kimble Skipper’s, account at Ochsner Clinic. Plaintiff, Professional Credit Services of New Orleans, Inc., assignee of the defendant’s claim for collection purposes, appeals the trial court’s judgment holding that the defendant owed $195.54 or twenty percent of the total balance due on the account. We affirm.
Defendant sought medical treatment at the Ochsner Clinic in March, 1986. Prior to beginning treatment, at Ochsner’s request, the defendant assigned his medical insurance benefits to Ochsner. Pursuant to an agreement between Ochsner and the defendant, Ochsner sent statements of the defendant’s account to him and to the insurance company which made several payments on the account. Subsequently, Ochsner changed its filing policy for certain cases and discontinued billing the insurance company but continued to send all billing statements to the defendant. The defendant, unaware of the change made by Ochsner, continued obtaining medical treatment at the Ochsner Clinic.
When the defendant ceased his treatments in September, 1986, Ochsner presented the final billing statement to the defendant. After the defendant refused to pay the full balance, this suit followed.
On appeal, the plaintiff contends that the defendant has invoked the plea of equitable estoppel by denying that Ochsner is entitled to full payment for the medical services it rendered because Ochsner failed to file claims for payment with his insurance company after Ochsner agreed to file the claims and lead the defendant to believe that all claims would be filed. Plaintiff further argues that the doctrine of equitable estoppel is not applicable because the defendant has not met the burden imposed upon him by law to prove that his continued reliance in the belief that Ochs-ner would file the insurance claims on his behalf was justified, or that he was prejudiced by the clinic’s failure to file the claims. We disagree.
The doctrine of equitable estoppel is designed to prevent a miscarriage of justice by preventing one from taking a position contrary to his prior acts, admissions, representations, or silences when another has changed his position in detrimental reliance thereon. It is to be used cautiously because it bars the normal assertion of rights otherwise present. There must be reliance *500 that is justified. Cudahy Foods Company v. Rich Plan of Baton Rouge, 349 So.2d 894 (La.App. 1st Cir.1977), writ, denied, 351 So.2d 172 (1977).
In the instant case, the defendant testified that he was never informed at any time by Ochsner of the change of policy regarding the filing of insurance claims. He testified that he became aware of Ochs-ner’s change of policy several months after he ceased his medical treatments because he felt the treatments were unsatisfactory and not beneficial to him. The defendant stated that the change in Ochsner’s policy was discovered after he and Mrs. Skipper contacted the clinic’s insurance department when his billing statements reflected that several claims had never been filed as the prior ones had. Mrs. Skipper also testified at trial. She stated that had Ochsner notified them of the change of policy, they would not have accumulated bills they could not pay. She further testified that her husband continued treatment with the full assumption that the insurance company would pay 80% of all claims filed.
Margaret Prima, assistant supervisor of the collection department at Ochsner Clinic, testified on behalf of the plaintiff at trial. Ms. Prima stated Ochsner sent a claim to the defendant on June 23, 1987 for those charges not yet filed with the insurance company with an explanation that they should forward it to their insurance company as Ochsner had changed its policy of filing claim forms involving medical treatment of a confidential nature. The claim and explanation were sent to the defendant more than nine months after the defendant discontinued his treatments in September, 1986.
Based on the testimonial evidence in the record we find that the defendant’s continued reliance on Ochsner’s agreement to file the insurance claims with the insurance company was justified. This conclusion is also supported by the fact that Ochsner filed claims and received payments from the insurance company in excess $1900.00 while it continued to send billing statements to the defendant. Moreover, the record is devoid of any written documentation which would indicate that the defendant knew or should have known of Ochs-ner’s change in policy prior to the date of termination of the medical treatment.
In his well stated Reasons for Judgment the trial judge stated that the defendant was not liable for the full amount of the charges as Ochsner failed to notify him of its change in policy. Had Ochsner given proper notice, the defendant could have chosen to discontinue treatments, but, the defendant continued to seek treatment under the assumption that he was responsible for only 20% of the costs of the treatments. Factual conclusions of the trial court are entitled to great weight since the trial court is in a better position to evaluate the credibility of witnesses, and an appellate court should not disturb those conclusions unless clearly and manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973). We find there was a reasonable factual basis for the decision reached by the trial judge.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
SCHOTT, C.J., dissenting with reasons.