565 So.2d 1093 (1990)
BELLSOUTH ADVERTISING & PUBLISHING CORPORATION
v.
Carla and Lawrence GASSENBERGER, d/b/a Access Service.
No. 89-CA-2186.
Court of Appeal of Louisiana, Fourth Circuit.
July 31, 1990.
*1094 Raymond J. Salassi, Jr., Carole Gallagher Boggs, Jones, Walker, Waechter, Poitevent Carrere & Denegre, New Orleans, for plaintiff.
Donald M. Pierce, Gary Bizal, Pierce & Bizal, New Orleans, for defendant.
Before LOBRANO, WARD and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Defendant, Larry Gassenberger, appeals the trial court's judgment finding him in default of a contract with plaintiff, Bellsouth Advertising and Publishing Corp. (BAPCO). BAPCO answers requesting reasonable attorney's fees and court costs. We affirm the trial court's judgment and grant BAPCO reasonable attorney's fees and court costs.
BAPCO is the publisher of the New Orleans Yellow Pages. Solicitation for advertising in the Yellow Pages is performed by BAPCO's agent, the L.M. Berry Co. (BAPCO). South Central Bell Telephone Co. acts as BAPCO's agent for billing and collection of directory advertising charges.
In January, 1986, Joseph Garofalo, a directory advertising salesman employed by Berry for 18 years, travelled to the residence of Larry Gassenberger to discuss directory advertising with a female occupant of the residence who identified herself as Mrs. Carla Gassenberger (Carla). At the meeting, Carla signed a contract for directory advertising using the signature "Carla Gassenberger." The contract identifies the account as "Access Service", with the account number XXX-XXXX. In January, 1986, Larry Gassenberger had two active telephone lines in service at his residence address. The aforementioned number was one of these. Both lines were business service and are billed at a higher rate than residential service. The contract included a reference to Larry Gassenberger's other business telephone line, 831-8484.
*1095 Pursuant to the contract, BAPCO published the requested advertising in the 1986 New Orleans Yellow Pages. Bills were sent to Larry Gassenberger at his residence address by South Central Bell. These bills delineated charges by type. In particular, directory advertising charges were listed separately. For approximately six and a half months of the contract period these bills were paid in full. From October, 1986 through the end of the contract term, the directory advertising charges due under the contract in the amount of $2,925.34 were not paid and remain due and owing.
On appeal, Mr. Gassenberger argues that he cannot be held liable for the contract because he and Carla are not married. Nor can liability be based on a partnership theory because none of the elements required exist. Although the trial court does not offer its reasons for judgment BAPCO suggests that there are several theories under which the trial court could have held Larry Gassenberger liable: 1) that Carla Laird a/k/a Carla Gassenberger had either actual or apparent authority to bind Larry Gassenberger d/b/a Access Service, or that 2) Larry Gassenberger ratified the unauthorized act of his agent, or that 3) the doctrine of equitable estoppel bars Larry Gassenberger from taking a position contrary to his prior acts, representation and silence.
After reviewing the record we are not inclined to say that the trial court found that an agency relationship existed between the defendants. The record is devoid of any evidence to that effect and Larry Gassenberger strongly denies that this is the case. In fact, Mr. Gassenberger is pleading absolute ignorance of the entire enterprise. Nor does the record reveal the management structure of Access Service. We can not assume that Larry Gassenberger had any association with Access Service let alone a principal relationship. Without first finding the existence of a principal/agent relationship between Larry Gassenberger and Carla Laird there can be no finding of implied or apparent authority to contract and subsequent ratification thereof.
Although the doctrine of equitable estoppel is disfavored in our law we find that this case is an appropriate one for its application. The Supreme Court has discussed equitable estoppel only to disallow a claim or defense that an opponent ought not to be able to make. Howard Trucking Co. Inc. v. Stassi, 485 So.2d 915 (La.1986), cert. den., 479 U.S. 948, 107 S.Ct. 432, 93 L.Ed.2d 382 (1986). We find that Larry Gassenberger ought to be estopped from his defense.
Equitable estoppel has been defined as: [T]he effect of voluntary conduct of a party whereby he is precluded from asserting rights against another who has justifiably relied upon such conduct and changed his position so that he will suffer injury if the former is allowed to repudiate the conduct.
American Bank and Trust Co. v. Trinity Universal Ins. Co., 251 La. 445, 205 So.2d 35, 40 (1967). The doctrine is based on equitable consideration of good faith and "is designed to prevent injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence." Three requirements must be met in order for equitable estoppel to be applied: (1) a representation by conduct or word by the person sought to be estopped; (2) justifiable reliance thereon; and (3) a change in position because of that reliance, to the detriment of the party asserting estoppel. Lilly v. Angelo, 523 So.2d 899, 903 (La.App. 4th Cir.), writ denied, 526 So.2d 1120 (La.1988), citing Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975).
In this case, Larry Gassenberger contracted with the telephone company for business telephone service at his home. He allowed a person sharing his home to use or abuse this service and would now deny liability for it.
This business service was set up in the name of "Larry Gassenberger d/b/a Access Service" and telephone bills addressed in that fashion were mailed to Gassenberger's residence and thereafter paid on a monthly basis. Thus, when BAPCO agreed to publish directory advertising for Access Service, the company was reflected in *1096 South Central Bell's records as being a sole proprietorship owned by Larry Gassenberger. The evidence establishes the first prong for equitable estoppel.
But for Larry Gassenberger's institution of business telephone service, no Yellow Pages advertising would have been accepted by BAPCO. Even if Larry Gassenberger did not institute the service, his silence in the face of no fewer than sixteen bills directed to him d/b/a Access Service should estop him from denying ownership. Directory advertising charges cease to accrue, pursuant to paragraph 2 of the contract, as of the date any telephone numbers appearing in the advertisement are disconnected. Mr. Gassenberger therefore had sixteen months within which to voice his objection. Justifiable reliance is established.
As a direct result of its reliance on the representations made by Larry Gassenberger when he obtained business telephone service, BAPCO agreed to publish advertising for which it has not been fully paid. Therefore it has changed its position to its own detriment.
Mr. Gassenberger should be estopped from denying liability under the contract based on these facts. After placing someone in the position of such potential abuse and then disregarding the bills and letters informing him of such, Larry Gassenberger should not be permitted to refuse responsibility for his actions. Persons are held to a higher standard of responsibility for their own affairs.
As a result of Mr. Gassenberger's appeal of the trial court judgment, BAPCO has incurred additional attorney's fees that were not contemplated in the trial court's award, as well as the costs of this appeal. Pursuant to paragraph 10 of the contract, BAPCO is entitled to recover attorney's fees, over and above the fees awarded by the trial court, for the defense of this appeal.
Paragraph 10 reads as follows:
Should it become necessary to collect any payment due hereunder through court action or otherwise, the applicant agrees that reasonable attorney's fees and court costs incurred by BAPCO be added thereto.
Attorney's fees are recoverable as an element of damages if provided for in a contract. Morein v. G.J. Deville Lumber Co., 215 So.2d 208, 212 (La.App. 3d Cir.1968). We find that BAPCO is entitled to its court costs and attorney's fees on appeal.
For the foregoing reasons, the trial court's judgment is affirmed and amended to include an award to plaintiff to cover its costs of court and attorney's fees for the defense of this appeal.
AFFIRMED AS AMENDED.
LOBRANO, J., concurs in part and dissents in part.
LOBRANO, Judge, concurs in part and dissents in part.
I agree with the majority that defendant is responsible under for the advertising charges under an equitable estoppel theory. However, the majority also made it clear that there was no agency relationship, nor apparent authority by Carla to bind defendant to the contract. Consequently, I am of the opinion he should not be responsible for attorney fees. Plaintiff's recovery is predicated, not on the contract, but its "detrimental reliance" on the actions of defendant. Attorney fees are appropriate only when authorized by statute or contract. Accordingly, I dissent from that portion of the majority opinion which affirms the award of attorney fees.