577 So.2d 1189 (1991)
ROBBINS TIRE & RUBBER COMPANY, INC., Plaintiff,
v.
WINNFIELD RETREAD, INC., et al., Defendants.
No. 22264-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1991.
Rehearing Granted in Part and Denied in Part May 2, 1991.
*1190 Sooter & Foote by W. Ross Foote, Alexandria, for plaintiff.
Simmons and Derr by Kermit M. Simmons, Winnfield, for defendant.
Before NORRIS, HIGHTOWER and VICTORY, JJ.
HIGHTOWER, Judge.
From a trial court decision applying the doctrine of equitable estoppel as a bar to enforcement of a suretyship agreement, the creditor, Robbins Tire & Rubber Co., Inc. ("Robbins"), appeals. We reverse the previous determination, uphold the validity of the suretyship agreement, and render judgment accordingly.

FACTS
In 1980, Straughan, Inc., through its president Thomas Straughan, executed a "Guaranty Agreement" in favor of appellant to assist the principal debtor, Winnfield Retread, Inc. ("Winnfield"), in obtaining credit. At that time, Mr. Straughan was the primary stockholder of both Winnfield and Straughan, Inc., the latter concern operating a tire store. The subject document contained the following pertinent language:
[W]e the undersigned, absolutely and unconditionally, guarantee the full and prompt payment to Robbins of all debts and obligations which said Purchaser [referring to Winnfield] is now, or may hereafter be, in any manner liable to the said Robbins; and we do further, absolutely and unconditionally, guarantee to pay to Robbins any sum or sums of money as may now be due or which may at any time or times hereafter become due to Robbins from said Purchaser, and Robbins is at liberty, without notice to *1191 the undersigned, to give the Purchaser at any time, and from time to time, renewals or extensions of credit on time of payment on any obligations of the Purchaser as Robbins may deem proper.
....
This guarantee shall be a continuing guarantee and shall remain in full force and effect until it has been revoked by the undersigned in writing and a copy of such revocation delivered to Robbins.
Some three years later, Straughan transferred his interest in Winnfield to another individual, a Mr. Stroud. Shortly before the change in ownership, Winnfield apparently remitted a check paying Robbins for all outstanding amounts due. Additionally, Mr. Straughan notified Robbins of the transfer, but said nothing about the suretyship agreement. Thereafter, Robbins continued to extend credit and sell goods to Winnfield; Straughan, Inc., as before, did business with Winnfield.
In March 1986, Winnfield executed a collateral chattel mortgage, a general assignment of accounts receivable, and a real estate mortgage to secure its line of credit with Robbins. Subsequently, in order to facilitate Stroud's request for a Small Business Association (SBA) loan, Robbins cancelled the real estate mortgage. The surety received notice of neither the acquisition nor release of the security.
In 1987, the creditor called upon the surety to fulfill the terms of its agreement, after the principal debtor failed to pay a $23,828.78 outstanding debt. Robbins later instituted the present suit, obtained a default judgment against Winnfield, and proceeded to trial against Straughan, Inc. The surety's answer to the original petition denied the continued validity of the 1980 agreement and additionally pleaded the defense of equitable estoppel.
After trial, the district judge decided in favor of Straughan, Inc. A written opinion concluded that the suretyship agreement clearly specified continued validity until written revocation, and that appellee would have been responsible for the indebtedness absent proof of equitable estoppel. The decision then proceeded to reason that:
the actions of the petitioner in failing to notify STRAUGHAN'S, INC., of its continuing liability after the transfer in 1983, the payment in full of any indebtedness prior to the transfer, the actions of the petitioner in securing numerous documents from the defendant, WINNFIELD RETREAD, INC., in 1986, and the failure of petitioner to communicate with STRAUGHAN'S, INC., in any way until July, 1987, clearly present a case where the doctrine of equitable estoppel should apply.
This appeal ensued.

DISCUSSION

Equitable Estoppel
Three elements required for application of equitable estoppel are: (1) a representation by conduct or words; (2) justifiable reliance; and (3) a change of position to one's detriment because of that reliance. John Bailey Contractor v. State, Dept. of Transportation and Development, 439 So.2d 1055 (La.1983); Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975); American Bank & Trust Co. v. Trinity Universal Ins. Co., 251 La. 445, 205 So.2d 35 (La. 1967); KPW Associates v. S.S. Kresge Co., 535 So.2d 1173 (La.App.2d Cir.1988), writ denied, 537 So.2d 1167 (La.1989); Bellsouth Advertising v. Gassenberger, 565 So.2d 1093 (La.App. 4th Cir.1990); Lilly v. Angelo, 523 So.2d 899 (La.App. 4th Cir. 1988), writ denied, 526 So.2d 1120 (La. 1988). Being a doctrine of last resort, equitable estoppel is not favored by Louisiana courts and finds application only when justice so demands. John Bailey Contractor, supra; KPW Associates, supra; Lilly, supra.
The party invoking estoppel bears the burden of proving the facts upon which it is founded. KPW Associates, supra; Wiley v. Richland Parish School Board, 476 So.2d 439 (La.App.2d Cir.1985). See also American Bank & Trust Co., supra. Additionally, if the evidence reveals the asserting party had actual knowledge, or a ready or convenient means of determining the true facts concerning representations *1192 made, and failed to do so, equitable estoppel will not lie. John Bailey Contractor, supra; KPW Associates, supra.
In the case sub judice, the record is devoid of any representations, by conduct, words, or otherwise, on the part of appellant, that would have justified a conclusion by appellee that the suretyship agreement had terminated. The signed document clearly stated its continued force until revoked in writing by the surety, and did not indicate ownership as a pivotal factor of validity. Indeed, notice of change in ownership of a business entity does not revoke a suretyship agreement unless specifically so provided. Commercial National Bank v. Keene, 561 So.2d 813 (La.App.2d Cir. 1990); Texaco, Inc. v. State Hot Mix Corp., 276 So.2d 383 (La.App.2d Cir.1973), writ refused, 279 So.2d 206 (La.1973); Stephens Co. v. Keigley, 487 So.2d 177 (La.App.3d Cir.1986). Likewise, the law imposes no duty upon a creditor to notify a surety of unterminated liability on a guaranty agreement. Magnolia Petroleum Co. v. Harley, 13 So.2d 84 (La.App.2d Cir.1943); Stephens, supra.
Furthermore, the result does not change even if one assumes arguendo that Robbins' actions or inactions, i.e., remaining silent concerning the suretyship obligation, somehow equated to a representation. That is to say, reliance still stands unjustified under the circumstances. Knowing that the agreement expressly placed responsibility for revocation solely upon the surety, appellee readily could have determined the meaning of Robbins' silence. Thus, even on these grounds, the doctrine is inapplicable. See John Bailey Contractor, supra; KPW Associates, supra.
Finally, equitable considerations and estoppel cannot prevail in conflict with the positive written law. LSA-C.C. Art. 4;[1]Palermo Land Co. v. Planning Commission, 561 So.2d 482 (La.1990); Locker v. Wilson, 536 So.2d 441 (La.App.2d Cir.1988), writ denied, 537 So.2d 210 (La.1989); La. State Trooper's Association, Inc. v. La. State Police Retirement Board, 417 So.2d 440 (La.App. 1st Cir.1982). Thus, issues such as here presented are in most instances governed by the Civil Code articles on suretyship, LSA-C.C. Art. 3035, et seq., rather than equitable estoppel.

Validity Of the Suretyship Obligation
Save for the suretyship agreement, Robbins originally held no security for payment of the principal obligation. It later received the three additional devices of security as stated; then subsequently released one of those, the real estate mortgage. Based on that action, the cancellation of the mortgage, appellee argues that its obligation as surety is extinguished due to impairment of subrogation rights. Although its brief does not succinctly address the matter, appellant orally maintained no prejudice resulted, that indeed appellee's potential exposure actually decreased as a result of the additional security taken.
Of course, a contract of guaranty and one of suretyship are synonymous. First National Bank of Crowley v. Green Garden, 387 So.2d 1070 (La.1980); Commercial National Bank, supra. The contract of suretyship is an accessory promise by which one party binds himself to fulfill the obligation of another if the latter fails to do so. LSA-C.C. Art. 3035 (1870, Rev.1987); Bossier Medical Properties v. Abbott and Williams, 557 So.2d 1131 (La.App.2d Cir. 1990). And, the surety promises to satisfy the entire obligation, unless his agreement is otherwise limited. Bossier Medical Properties, supra. See Comments to LSA-C.C. Art. 3045 (Rev.1987).
Under the present facts and 1987 codal revisions, Straughan would be classified as a commercial surety, LSA-C.C. Art. 3042 (Rev.1987), and the impairment of real security for the principal obligation would result in a discharge correlative to the prejudice caused, LSA-C.C. Art. 3062 (Rev. 1987). Former provisions failed to differentiate *1193 between types of sureties, and granted complete extinguishment if prejudice occurred. See former LSA-C.C. Art. 3061. Jurisprudentially, however, the surety who collected a fee for his services did not receive the same rigid protection. See Expose des Motifs to Act 409 of 1987.
Prior to January 1, 1988, the effective date of the 1987 revisions, a surety invoking extinguishment as a defense faced the burden of preponderately proving his claim. LSA-C.C.P. Art. 1005. Pioneer Bank & Trust v. Foggin, 177 So.2d 131 (La.App.2d Cir.1965), writ refused, 248 La. 423, 179 So.2d 18 (1965); Bell v. Badger Dredging, Inc., 420 So.2d 1197 (La.App. 5th Cir.1982); Bohn Ford, Inc. v. Lanza, 347 So.2d 935 (La.App. 4th Cir.1977). Presently, however, LSA-C.C. Art. 3062 (Rev. 1987) requires that the creditor show a lack of prejudice once the issue arises. Hence, to that extent, the extent of such procedural changes, arguably the changes to Article 3062 necessitate retroactive application.[2]
Yet, irrespective of positioning of the burden of proof, no prejudice occurred in the present case. In point of fact, with reference to the subrogation opportunities afforded, the surety's status improved. Upon payment of the principal obligation, Straughan will be vested, by operation of law, with the ability to enforce at least two items of security unavailable to it at the time of execution of the suretyship agreement. Standing more secure than when it became a surety, appellee cannot now claim prejudice. Consequently, the defense of extinguishment fails.

CONCLUSION
For the above reasons, the trial court's decision is reversed, and, pursuant to the suretyship agreement, judgment is rendered in favor of appellant. Appellee is taxed with costs, here and below.
REVERSED AND RENDERED.
Before NORRIS, LINDSAY, HIGHTOWER, VICTORY, and BROWN, JJ.
PER CURIAM.
While denying a rehearing application by appellee, we granted a request by appellant that our opinion expressly set forth an award. Accordingly, having previously reversed the trial court, we now render judgment to read as follows:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that there be judgment in favor of plaintiff, ROBBINS TIRE & RUBBER COMPANY, INC., and against defendant, STRAUGHAN, INC., as surety, in the sum of $23,828.78, plus legal interest from date of judicial demand until paid, and for attorney's fees of $2,500, as provided in the judgment against the principal debtor, Winnfield Retread, Inc., and for all costs of this proceeding here and below.
BROWN, J., would grant a full rehearing.
NOTES
[1] According to Comment (a) of LSA-C.C. Art. 4, the 1987 revision does not change the law from that stated by Article 21 of the Louisiana Civil Code of 1870. Hence, cases interpreting the former article remain relevant.
[2] It is well established that laws prescribe for the future only. LSA-C.C. Art. 6 (Revision 1987). See also former LSA-C.C. Art. 8. Those purely procedural in nature, however, are given retroactive effect in the absence of language to the contrary. Ardoin v. Hartford, 360 So.2d 1331 (La.1978); Dance v. Dance, 552 So.2d 658 (La.App.2d Cir.1989); Hawn Tool Co. v. Crystal Oil Co., 514 So.2d 636 (La.App.2d Cir.1987).