I rBYRNES, Judge.
Plaintiffs, Master Credit Corporation (Master Credit) and A. Allsafe Insurance Agency, Inc. (Allsafe), appeal a First City Court judgment dismissing their claim for attorney’s fees.
Allsafe leased the premises of its insurance agency from Master Credit. In August 1996, Allsafe agreed to sell its assets to Campbell & Associates (Campbell). The agreement, entitled “Sale of Movable Property,” provided: (1) purchase price; (2) payment of price in installments; and (3) division of responsibility for reimbursements of commissions accruing after the sale. Campbell would occupy the premises of Master Credit at a rental of $500 per month. The agreement also provided:
In the event it becomes necessary for any party hereto [to] employ an attorney at law for the purpose of litigation against the other involving this agreement, or any of the provisions hereof, or to enforce any rights hereunder, or to enforce the lease contained herein, the non-prevailing party to such litigation shall pay to and be responsible to the prevailing party for reasonable attorney’s fees incurred by such prevailing party in such litigation and all court costs incurred by such prevailing party.
^Campbell left the premises of Master Credit, and plaintiffs claimed that money was owed under the contract agreement. Ferdinand J. Marziale, Jr., President of Allsafe, testified that there was a settlement offer of $1,500 and return of plaintiffs’ computer. The record does not contain a copy of a written settlement offer although the parties agree that the parties discussed settlement of the case. Marziale stated that plaintiffs originally were prepared to accept the offer, but when Marziale sent a courier to pick up the computer, defendant’s employee refused to turn it over. In February 1997 Master Credit and Allsafe filed suit in First City Court against Campbell and Thomas Hurs-tell. The computer was returned two or three weeks prior to trial.
At trial on August 19, 1997, the parties stipulated that Thomas Hurstell was not a shareholder of Campbell and should be released and removed from the lawsuit. The city court awarded a judgment on August 22, 1997 in favor of the plaintiffs for $1,242.60, which consisted of the unpaid balance of the purchase price and unpaid rent, as well as for all costs of the proceedings. The city court found that the provision of the contract regarding refunded unearned commissions was ambiguous and dismissed plaintiffs’ claim for unpaid commissions. The city court dismissed the plaintiffs’ claims against Thomas Hurstell at plaintiffs’ cost. The city court dismissed the plaintiffs’ claim for attorney’s fees, and the plaintiffs’ appeal followed.
On appeal plaintiffs claim that the city court erred in not awarding reasonable attorney’s fees as provided in the agreement, and plaintiffs also ask for reasonable attorney’s fees for pursuing the appeal. Plaintiffs maintain that evidence was presented at trial that the plaintiffs incurred attorney’s fees exceeding $1,782.65 prior to the appeal.
[Attorney’s fees are not recoverable unless specifically provided for by contract or statute. James Minge & Associates v. Hanover Ins. Co., 96-2308 (La.App. 4 Cir. 4/2/97), 692 So.2d 728. An award for attorney’s fees will not be modified on appeal absent a showing an abuse of discretion. Gravolet v. Board of Comm’rs for the Grand Prairie Levee District, 95-2477 (La.App. 4 Cir. 6/12/96), 676 So.2d 199, 205.
In its Reasons for Judgment in the present case, the city court dismissed the claim for attorney’s fees on the basis that “the amount it [plaintiffs] sought was not correct.” In Dutel v. Succession of Touzet, 94-0978 (La.App. 4 Cir. 1/19/95), 649 So.2d 1084, this court held that if the amount demanded by the plaintiffs is different from the amount owed, no attorney’s fees are to be provided *268 under La. R.S. 2781(A). In Dutel, the attorney properly brought his claim for legal services rendered for a succession by filing suit on an open account after his claim was rejected by the succession administrator. By certified mail, Dutel had made demands for $11,179.25 and subsequently $11,343.78. When he filed his petition, Dutel attached a sworn affidavit in which he itemized the statements sent to the succession administrator and stated that the statements for legal services rendered should be corrected to be $555 less than the demand, or $10,788.78. The trial court found that the record failed to show that the demand was ever made on the succession administrator for the correct amount owed or $10,788.78. Under La. R.S. 9:2781(A), to recover attorney’s fees, the claimant must furnish a “written demand ... correctly setting forth the amount owed.” Unless the amount owed was the amount demanded, attorney’s fees are not due under the statute.
_|No similar requirement provides that the demand must equal the amount of the award as a prerequisite for the award of attorney’s fees pursuant to a contract between the parties. Dutel does not apply in this case where a contract, rather than the statute, controls.
The prevailing party was entitled to its court costs and attorney’s fees incurred on appeal pursuant to a contract in Bellsouth Advertising & Pub. Corp. v. Gassenberger, 565 So.2d 1093 (La.App. 4 Cir.1990). See also Alliance Financial Services, Inc. v. Cummings, 526 So.2d 324 (La.App. 4 Cir.1988), writ not considered, 531 So.2d 465 (La.1988). In the present ease the prevailing parties are entitled to recover additional attorney’s fees and court costs on appeal pursuant to the contract, which provides that “the non-prevailing party to such litigation shall pay to and be responsible to the prevailing party for reasonable attorney’s fees incurred by such prevailing party in such litigation and all court costs incurred by such prevailing party.”
Campbell avers that the city court did not abuse its discretion in not awarding attorney’s fees because only one trial appearance was made by counsel, and the matter was not complicated. Campbell asserts that it offered $1,500 to settle the matter prior to filing of any petition, and that reasonable attorney’s fees would be “zero” attorney’s fees.
Plaintiffs’ attorney discussed settlement negotiations; engaged in telephone conversations; prepared a demand letter to Campbell; filed a petition; filed requests for subpoenas for trial and listed documents to be provided by defendants at trial; appeared at trial where plaintiffs’ attorney introduced five documents into evidence, provided and questioned one witness, and cross-examined defendants’ witness. Plaintiffs filed a post tidal memorandum with a break down of the ^attorney’s fees as requested by the city court; appealed the judgment and argued the case on appeal. The bills for services rendered, which were attached to the plaintiffs’ post trial memorandum, contain an itemization of the amount of time spent at $165 an hour for a total of $1,089.71 prior to trial and $660.00 for the trial and post trial memorandum, totaling $1,749.71. Additional services were rendered in preparation of an appellate brief and argument at the appellate hearing.
Plaintiffs did not prevail completely as the city court dismissed plaintiffs’ claims for unpaid commissions because the contract was ambiguous. Both parties prevailed. In the answer to plaintiffs’ petition, the defendants requested that all costs be assessed against plaintiffs, and asked “for all general and equitable relief to which it may be entitled.” An argument can be made that the services of Campbell’ attorney should not be considered to offset the services of plaintiffs’ attorney because Campbell did not request attorney’s fees in its answer to the petition, and Campbell did not appeal or answer the appeal to request attorney’s fees.
The trial abused its discretion in not awarding any attorney’s fees to the plaintiffs. However, under the terms of the agreement, plaintiffs’ award for attorney’s fees is diminished because plaintiffs did prevail but not on all issues. Therefore, plaintiffs are not entitled to the total itemized amount. Under the circumstances where plaintiffs *269 prevailed in part, we find that an award of plaintiffs’ attorney’s fees for $800 is reasonable in city court. Another $200 is reasonable for plaintiffs’ attorney’s fees for the appeal, which included preparation of an appellate brief and argument at the appellate hearing.
Accordingly, the judgment of the city court is amended on the issue of plaintiffs’ attorney’s fees. Attorney’s fees in the total amount of $1,000 are bawarded in favor of the plaintiffs and against the defendant, Campbell & Associates, Inc., for defense of plaintiffs’ claims in city court and on appeal.

AFFIRMED AS AMENDED.